960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Betty M. NEWGARD, Appellant,
v.
UNITED STATES OF AMERICA, Agent, Internal Revenue Service;
Frank Siirtola, Collection Agent, Internal Revenue
Service; Michael Anderson, I.R.S.
Collection Field Group Mgr.; Appellees.
 No. 91-3288.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 2, 1992.
Filed: April 15, 1992.
 
 Appeal from the United States District Court for the District of North Dakota.
 AFFIRMED
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Betty M. Newgard appeals from the district court's[1] denial of her motion for a preliminary injunction. We affirm.
 
 
 2
 Newgard owned commercial and residential property. The Internal Revenue Service (IRS) notified Newgard that it had levied on her property that was not exempt under 26 U.S.C. § 6334. The IRS also informed Newgard that it intended to conduct a sealed bid sale of the commercial property on October 29, 1991. Newgard brought an action to have the levy and sale declared null and void; she also sought an injunction against the levy and sale. She asserted that: (1) the six-year statute of limitations under 26 U.S.C. § 6502(a) for collection of a tax by levy had expired and that application of the November 1990 amendment to the statute, which extended the time limitation to ten years, was a violation of the ex post facto clause of the Constitution; (2) the levy created a financial hardship, and therefore, the IRS was required to release the levy under 26 U.S.C. § 6343(a); and (3) her residential property was exempt from levy under 26 U.S.C. § 6334(a)(13) and (e) because there was no indication that the IRS district director gave written approval of the levy or that collection of the tax was in jeopardy. The district court denied the motion for a preliminary injunction, concluding that Newgard was not likely to succeed on the merits, and denied her request for a stay pending appeal.
 
 
 3
 On appeal Newgard reasserts the arguments raised below, and also argues for the first time that taxes were improperly assessed against her and the "irreparable harm" exception to the Anti-Injunction Act, 26 U.S.C. §§ 7421, 7426(b)(1), allows her to seek an injunction. The defendants assert lack of subject matter and personal jurisdiction[2] and argue that Newgard did not show she was entitled to a preliminary injunction under Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 112 (8th Cir. 1981).
 
 
 4
 Both parties assert that the commercial property was sold in October 1991, after Newgard had filed her notice of appeal. Thus, Newgard's request for injunctive relief in regard to this property is moot. See Holloway v. United States, 789 F.2d 1372, 1374 (9th Cir. 1986). Insofar as her request for an injunction related to the residential property, it was not barred by the doctrine of sovereign immunity or by the Anti-Injunction Act. See Aqua Bar & Lounge v. United States Dep't of Treasury, 539 F.2d 935 (3d Cir. 1976).
 
 
 5
 We agree with the district court that Newgard failed to show she was likely to succeed on the merits of her claims, and we conclude she failed to satisfy the other Dataphase elements as well. The ex post facto clause does not apply to civil tax legislation that imposes no punishment. See United States Trust Co. v. New Jersey, 431 U.S. 1, 17 n.13 (1977) (ex post facto clause restricts only legislation that imposes punishment); Yaffe Iron & Metal Corp. v. United States, 593 F.2d 832, 837 (8th Cir.) (ex post facto clause is applicable only to criminal statutes), cert. denied, 444 U.S. 843 (1979). Newgard presented no evidence of financial hardship and no evidence that the IRS had levied on her residential property. Furthermore, Newgard's claim that taxes were improperly assessed against her is not properly before this court because it is now raised for the first time. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota
 
 
 [2]
 Defendants argue that they were not properly served. We cannot determine from the record whether defendants were properly served. We find no indication that defendants raised this issue in the district court or that the district court considered it. Thus, for purposes of this appeal only, we assume, without deciding, that there was proper service and that defendants have not waived this defense