117 T.C. No. 12

UNITED STATES TAX COURT

GARY G. BOYD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6677-00L.          Filed September 28, 2001.

    <u>Held</u>: Petitioner's request for a sec. 6330 hearing
suspended the applicable 10-year limitations period for
collecting petitioner's Federal income taxes for
taxable years 1989 and 1990, and respondent is not time
barred from collecting those taxes.

    <u>Held</u>, <u>further</u>, petitioner has failed to show that
he paid the subject tax liabilities for taxable years
1991, 1992, 1993, 1996, and 1997.

    <u>Held</u>, <u>further</u>, petitioner's request for a new
trial is denied.


Gary G. Boyd, pro se.

<u>A. Gary Begun</u>, for respondent.

THORNTON, Judge:  Petitioner seeks review under section 6330(d) of a determination made by respondent's Office of Appeals that respondent's action to collect by levy certain income taxes for 1989, 1990, 1991, 1992, 1993, 1996, and 1997 may proceed. Petitioner contests the levy on grounds that respondent is time barred from collecting taxes for taxable years 1989 and 1990, and that petitioner has already paid the subject tax liabilities for the other years in issue.

Unless otherwise indicated, all section references are to the Internal Revenue Code presently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

The parties have stipulated some of the facts, which we incorporate herein by this reference.  When petitioner filed his original and amended petitions, he resided in White Lake, Michigan.

Throughout the years in issue, petitioner was a self-employed, independent contractor who worked as a carpet installer for various companies.  For each taxable year in issue, petitioner filed a timely Federal income tax return.[1]  When he filed these returns, petitioner remitted no payments for any of

---

[1] For taxable years 1989 and 1990, petitioner filed claiming head of household status.  For taxable years 1991 and 1992, petitioner filed claiming a status of married filing separately. For taxable years 1993, 1996, and 1997, petitioner filed claiming a status of married filing jointly.

the taxes owed.  Respondent assessed tax liabilities against petitioner for these taxable years pursuant to the Federal income tax returns petitioner filed.[2]

On February 27, 1999, respondent mailed to petitioner a letter captioned "Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing" for unpaid tax liabilities for taxable years 1989, 1990, 1991, and 1992.  Also on February 27, 1999, respondent's agent mailed to petitioner and to petitioner's former wife, Linda A. Boyd (Linda), a letter captioned "Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing" for unpaid tax liabilities for taxable years 1993, 1996, and 1997.  Each letter was accompanied by a Form 12153, Request for a Collection Due Process Hearing (Form 12153), which a taxpayer may use to request a section 6330 hearing.

On March 20, 1999, respondent received from petitioner a completed Form 12153, submitted on behalf of petitioner and

---

[2] The respective assessment dates of petitioner's income tax liability for the subject years were as follows:

| Year | Assessment Date |
|------|-----------------|
| 1989 | 5/21/90 |
| 1990 | 5/20/91 |
| 1991 | 8/03/92 |
| 1992 | 7/12/93 |
| 1993 | 6/06/94 |
| 1996 | 6/02/97 |
| 1997 | 5/25/98 |

Linda, requesting a section 6330 hearing.  In that form, petitioner contended, among other things, that the applicable statute of limitations barred collection of his tax liability for taxable year 1989 and that he previously had paid his tax liabilities for taxable years 1990, 1991, 1992, 1993, 1996, and 1997.

By letter dated February 29, 2000, respondent sent petitioner copies of respondent's transcripts of petitioner's accounts for the subject taxable years.  The letter stated that if petitioner felt that he was not properly credited for any payment, he should provide respondent supporting documentation. Petitioner did not provide respondent any documentation to support the allegations contained in his Form 12153.

On April 7, 2000, respondent sent petitioner a letter informing him that the requested section 6330 hearing would be scheduled for May 4, 2000, at 2:30 p.m.  The letter stated that if petitioner did "not appear for the hearing or call to reschedule, * * * [his] case will be closed in Appeals and a Determination Letter will be issued."  Petitioner failed to attend the scheduled section 6330 hearing and did not call to reschedule it.

On May 22, 2000, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  The notice of

determination stated that petitioner would not be granted relief pursuant to section 6330 because, among other things, petitioner did not appear at the scheduled section 6330 hearing and did not present any documentation to challenge the assessed tax liabilities. The notice of determination further stated that the 10-year period of limitations for collecting petitioner's 1989 tax liability was still open and that respondent's transcripts of petitioner's account did not show that any payments had been made with respect to petitioner's taxable years 1990, 1992, 1993, 1996, or 1997, and that only two payments (both in 1993) had been made with respect to petitioner's 1991 taxable year.

On June 16, 2000, in response to the notice of determination, petitioner filed with the Court an imperfect petition. On August 15, 2000, petitioner filed an amended petition, disputing respondent's determinations on grounds that: (1) The applicable period of limitations bars collection for taxable years 1989 and 1990, and (2) the taxes owed for the taxable years 1991, 1992, 1993, 1996, and 1997 were previously paid.

                              OPINION

Section 6330 provides for notice and opportunity of a hearing before the Internal Revenue Service (IRS) may levy upon the property of any person. Section 6330(b)(1) provides that if the person requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals." Section

6330(c)(2)(B) allows challenges to the existence or amount of the underlying tax liability only if the person did not receive a notice of deficiency or have an opportunity to dispute the liability.[3]

Section 6330(d) provides for judicial review of the Commissioner's administrative determination.  Where the validity of the underlying tax liability is properly in issue, this Court reviews the matter de novo.  <u>Davis v. Commissioner</u>, 115 T.C. 35, 39 (2000).

<u>Is Respondent Time Barred From Collecting Petitioner's Tax</u>
<u>Liabilities for 1989 and 1990?</u>

Petitioner contends that respondent is time barred from collecting his Federal income tax liabilities for taxable years 1989 and 1990.  We review this matter de novo.  See <u>MacElvain v. Commissioner</u>, T.C. Memo. 2000-320 (a claim that the limitations period has expired constitutes a challenge to the underlying tax liability).

The amount of any Federal income tax imposed generally must be assessed within 3 years after a Federal income tax return is filed.  Sec. 6501(a).  Where the assessment of Federal income tax is made within the relevant period of limitations, the tax may be collected by levy if the levy is made within 10 years after the

---

[3] Respondent does not contest that petitioner received no notice of deficiency for any year in issue and otherwise had no opportunity to dispute the underlying tax liability.

assessment of the tax. Sec. 6502(a)(1).[4] If the taxpayer requests a hearing under section 6330(a)(3)(B), the levy actions that are the subject of the requested hearing and the running of the period of limitations set forth in section 6502 "shall be suspended for the period during which such hearing, and appeals therein, are pending." Sec. 6330(e)(1).

Respondent assessed petitioner's 1989 and 1990 Federal income tax liabilities on May 21, 1990, and May 20, 1991, respectively--i.e., within 3 years after petitioner filed Federal income tax returns for those years. On March 20, 1999, respondent received petitioner's Form 12153 requesting a section 6330 hearing for, among other years, taxable years 1989 and 1990. Consequently, as of March 20, 1999, the running of the applicable 10-year limitations period (which as of that date had not expired for taxable years 1989 or 1990) was suspended and remains

---

[4] In 1990, Congress amended sec. 6502(a)(1) to extend the period of limitations for the collection of taxes after assessment from 6 years to 10 years. Omnibus Budget Reconciliation Act of 1990 (OBRA), Pub. L. 101-508, sec. 11317(a), 104 Stat. 1388-458. The 10-year limitations period applies to taxes assessed after Nov. 5, 1990, and to taxes assessed on or before that date if the 6-year limitations period under prior law had not expired as of that date. Id. subsec. (c). Because respondent assessed petitioner's 1989 tax liability on May 21, 1990, and the 6-year limitations period under prior law had not expired as of Nov. 5, 1990, the 10-year limitations period applies with respect to petitioner's 1989 tax liabilities. See, e.g., Rocanova v. United States, 955 F. Supp. 27 (S.D.N.Y. 1996), affd. 109 F.3d 127 (2d Cir. 1997). Because respondent assessed petitioner's 1990 tax liability after Nov. 5, 1990, the 10-year limitations period also applies to his 1990 tax liability.

suspended.  See sec. 6330(e)(1); sec. 301.6330-1T(g)(2), A-G1, Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3412 (Jan. 22, 1999).  Thus, respondent is not time barred from collecting petitioner's Federal income tax liabilities for taxable years 1989 and 1990.

Petitioner has raised no other issue concerning his Federal income tax liabilities for taxable years 1989 and 1990.  We conclude that petitioner is not entitled to the relief he seeks for those years.

Has Petitioner Already Paid His Tax Liabilities for the Other Taxable Years in Issue?

Petitioner contends that he has already paid his Federal income tax liabilities for taxable years 1991, 1992, 1993, 1996, and 1997.  Because the validity of the underlying tax liability--i.e., the amount of tax owed that remains unpaid--is properly in issue for these taxable years, we review respondent's determinations for these years de novo.  See Landry v. Commissioner, 116 T.C. 60, 62 (2001).

Respondent introduced certified transcripts of account for petitioner's Federal income taxes for each of the taxable years in issue.  These transcripts reflect, among other things, petitioner's tax liabilities for taxable years 1991, 1992, 1993, 1996, and 1997 and all payments received for those liabilities. The transcripts show that petitioner made some payments for his

back taxes, but balances remain that are consistent with the amounts that respondent is now attempting to collect.

Petitioner alleges that he previously entered into an agreement with the IRS, pursuant to which certain amounts were withheld from his paychecks and remitted to the IRS to cover his back taxes. Petitioner also contends that he sent money orders to the IRS's Chicago office to pay some of his back taxes.

Petitioner failed to present credible evidence of his alleged payment agreement with the IRS or of the amounts he alleges were withheld from his paychecks or otherwise paid to respondent. Petitioner's self-serving, uncorroborated testimony inadequately substantiates the alleged payments. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Petitioner did introduce into evidence two 1998 paycheck stubs that indicate two separate withholdings of $157.43, listed on each paycheck stub as "MISC. DEDUCTIONS". Petitioner handwrote "IRS Levy Proceeds" on one of the paycheck stubs. Respondent's transcripts for taxable year 1989 show one $157.43 payment credited to petitioner's account. There is no evidence to establish that the other alleged payment, if it was in fact made, should have been credited to petitioner's tax liabilities for taxable years 1991, 1992, 1993, 1996, or 1997, which are the only years for which petitioner has argued that respondent failed to give him proper credit for payments made.

Petitioner also placed into evidence copies of the fronts of two money orders in the amounts of $299.99 and $434, dated June 10, 1994, and September 3, 1997, respectively, and both made payable to the IRS. The evidence does not indicate, however, whether those money orders were ever negotiated. The IRS has no record of having received either money order.

Without credible evidence showing that petitioner made greater payments to the IRS than are reflected in the transcripts, we cannot assume that petitioner previously paid the tax liabilities respondent is now attempting to collect. Accordingly, we conclude that respondent correctly determined that collection efforts for taxable years 1991, 1992, 1993, 1996, and 1997 should proceed.

Petitioner's Request for a New Trial

On brief, petitioner requests that he be granted a new trial and that a "tax attorney" be appointed to represent him. Petitioner contends that with the assistance of a court-appointed attorney he could obtain additional evidence to support his contentions that he has already paid certain Federal income taxes that respondent is seeking to collect.[5]

A rehearing is an extraordinary measure and will be granted

---

[5] Petitioner mentioned at the end of trial that he might have some records at home that would evidence his payments to the Internal Revenue Service. We informed petitioner that we would entertain a motion to reopen the record should he find any records of his previous payments. Petitioner never made any such motion.

only for good cause shown.  <u>Pierce Oil Corp. v. Commissioner</u>, 30 B.T.A. 469, 475 (1934).  We see no reason to give petitioner a rehearing based on his belated desire to be represented by counsel or on his hope that he might develop evidence that he has failed to develop or present thus far.  Petitioner chose to appear at trial pro se and was afforded a full opportunity to be heard and represent himself pursuant to Rule 24(b).  Although he could have secured representation for trial if he had so chosen, he has no basis to complain that the Court did not compel him to do so or did not appoint counsel for him.[6]  See <u>Crane-Johnson Co. v. Commissioner</u>, 105 F.2d 740 (8th Cir. 1939), affg. 38 B.T.A. 1355 (1938), affd. 311 U.S. 54 (1940).  Petitioner has not shown that his failure to present additional evidence was not due to a lack of diligence on his own part or that a new trial is warranted.  See <u>Selwyn Operating Corp. v. Commissioner</u>, 11 B.T.A. 593, 594-595 (1928); <u>Strasser v. Commissioner</u>, T.C. Memo. 1986-579.

Accordingly, we deny petitioner's request for a new trial.

<u>Decision will be</u><br><u>entered for respondent</u>.

---

[6] Petitioner has no constitutional right to an attorney in this civil matter.  See <u>Riland v. Commissioner</u>, 79 T.C. 185, 207 (1982); <u>Cupp v. Commissioner</u>, 65 T.C. 68, 85-86 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977).