T.C. Memo. 2004-133


UNITED STATES TAX COURT


SAID M. KARARA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7748-02L.                    Filed June 2, 2004.


Said M. Karara, pro se.

<u>D'Aun E. Clark</u>, for respondent.


MEMORANDUM OPINION


GERBER, <u>Chief Judge</u>:  Respondent moved for summary judgment on the question of whether he may proceed with the collection of petitioner's 1993 and 1994 tax liabilities.  Respondent contends that all section 6330[1] prerequisites have been met and that he should be allowed to proceed with collection.  Petitioner filed a

_____

[1] All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

cross-motion for summary judgment, raising several arguments as to why respondent should not be permitted to proceed with collection. A hearing on the summary judgment motions was held at Miami, Florida.

Background

Petitioner resided in Naples, Florida, at the time his petition was filed. Petitioner's 1993 and 1994 tax returns were examined, and respondent determined an income tax deficiency for each year. Petitioner petitioned this Court with respect to both years, and on July 29, 1999, this Court filed a memorandum opinion in Karara v. Commissioner, T.C. Memo. 1999-253, sustaining respondent's determinations. A decision was entered, and petitioner filed an appeal to the Court of Appeals for the Eleventh Circuit.

On December 12, 1999, because of petitioner's failure to file a bond while the appeal was pending, respondent assessed the 1993 and 1994 income tax deficiencies. Approximately 5 months later on May 5, 2000, the Court of Appeals for the Eleventh Circuit affirmed this Court's decision without published opinion. Karara v. Commissioner, 214 F.3d 1358 (11th Cir. 2000). On July 10, 2000, the Court of Appeals denied rehearing.

On July 29, 2000, about 2 weeks following the Court of Appeals' denial of rehearing, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing for the 1994 tax year. Four days later, on August

2, 2000, the Court of Appeals stayed issuance of the mandate pending petitioner's petition for writ of certiorari to the U.S. Supreme Court. On August 8, 2000, petitioner timely requested a hearing for his 1994 tax year by submitting Form 12153, Request for a Collection Due Process Hearing. During subsequent conversations with respondent, petitioner consented to the inclusion of his 1993 tax year, in addition to his 1994 tax year, for purposes of the section 6330 hearing.

On October 6, 2000, petitioner filed a petition for writ of certiorari with the Supreme Court. Respondent had the option to file a response to the petition, but declined to do so. Therefore, in accordance with Supreme Court rules, the Solicitor General timely filed a waiver of the right to respond on behalf of respondent. Approximately 3 weeks later, on November 6, 2000, the Supreme Court denied petitioner's petition for writ of certiorari. Karara v. Commissioner, 531 U.S. 980 (2000).

On September 24, 2001, respondent applied an overpayment of tax by petitioner in the amount of $300 toward his 1993 tax liability.

Petitioner and the Appeals officer engaged in telephone conferences on September 5 and October 4 and 5, 2001. During these conferences, respondent notified petitioner that the assessments were valid and subject to collection because of petitioner's failure to post a bond while his appeals were in progress. See sec. 7485. In response, petitioner raised the

argument that respondent, in waiving the right to respond to the petition for writ of certiorari, had also waived opposition to the issues presented in the petition.  Petitioner also argued that because of respondent's waiver petitioner is entitled to a $300 refund.

On April 17, 2002, respondent issued a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 determining to proceed with collection of petitioner's 1993 and 1994 tax liabilities.

Discussion

Respondent moved for summary judgment on the question of whether he may proceed to collect petitioner's 1993 and 1994 income tax liabilities.  Summary judgment is intended to expedite litigation and avoid unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  A motion for summary judgment may be granted if there is no genuine issue as to any material fact.  See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002).  The moving party bears the burden of showing that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Bond v. Commissioner, 100 T.C. 32, 36 (1993); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).  This case is ripe for summary judgment with respect to petitioner's 1994 tax year.  Genuine issues of

material fact exist, however, with respect to petitioner's 1993 tax year.

I.  Section 6330 Hearing Prerequisites

If a taxpayer neglects or refuses to pay a Federal tax liability within 10 days of notice and demand, the Secretary is authorized to collect such liability by levy on the taxpayer's property.  Sec. 6331(a).  Pursuant to section 6330(b), a taxpayer has a right to a hearing before the Commissioner may levy.  We first address whether respondent met the hearing prerequisites of section 6330 with respect to petitioner's 1993 and 1994 tax years.

Section 6330(b) provides that administrative hearings be held by an impartial officer of the Internal Revenue Service Office of Appeals.  If dissatisfied with the Appeals Office determination, a taxpayer may seek judicial review of the decision in this Court or a District Court of the United States as applicable.  Sec. 6330(d).

The matters to be considered at the hearing are specified by section 6330(c), which provides:  (1) The Appeals officer shall obtain verification that the requirements of applicable law and administrative procedure have been met; (2) certain issues may be heard, including spousal defenses, appropriateness of collection activities, and collection alternatives; and (3) a challenge to the underlying liability may be raised if the taxpayer did not

receive a statutory notice of deficiency or otherwise receive an opportunity to dispute the liability. Sec. 6330(c).

Petitioner and an impartial Appeals officer conducted an administrative hearing comprising three separate telephone calls. For purposes of the hearing, petitioner and respondent agreed to place petitioner's 1993 and 1994 tax years at issue. Because this Court had previously entered a decision, the merits of petitioner's underlying tax liability were not at issue at the administrative hearing and are not at issue here. Therefore, we review respondent's administrative determination to proceed with collection for an abuse of discretion. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000). Because petitioner was not entitled to question the underlying tax liability, his administrative hearing was limited to collection issues, including spousal defenses, the appropriateness of respondent's intended collection action, and collection alternatives. Petitioner raises two issues with respect to the appropriateness of respondent's collection actions.[2]

Respondent assessed petitioner's 1993 and 1994 tax liabilities on December 12, 1999. On July 29, 2000, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing for his 1994 tax year. On

_____

[2] Petitioner does not challenge his underlying tax liability, but rather challenges respondent's ability to collect. Petitioner contends that there was a waiver or some form of estoppel connected with respondent's waiver of respondent's right to respond to petitioner's petition for writ of certiorari.

brief and at the summary judgment hearing, petitioner argued that during an August 7, 2000, telephone conversation, he and a Department of Justice attorney agreed to stay further collection activity with respect to petitioner's 1993 and 1994 tax liabilities until the decision of the Tax Court in his deficiency suit became final.  Petitioner further contends that he raised this issue at the administrative hearing and that it was an abuse of discretion that the Appeals officer did not consider it. Respondent acknowledges the agreement to stay collection and maintains that there was compliance with its terms.

Section 6330(e)(1) precludes the Commissioner from proceeding with a proposed levy that is the subject of a hearing while the hearing and any related appeals are pending.  See Craig v. Commissioner, 119 T.C. 252, 258 (2002).  Therefore, as of August 14, 2000, the date that respondent received petitioner's request for a hearing, respondent was precluded from proceeding with levy actions pending the outcome of this appeal.  See Boyd v. Commissioner, 117 T.C. 127, 130-131 (2001).  In that respect, respondent has not pursued enforced collection since issuing the Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing on July 29, 2000.  Accordingly and irrespective of the agreement to stay collection, since August 14, 2000, respondent has otherwise been precluded from proceeding with levy activity.

There is no indication in the summary judgment documents as to whether petitioner raised the collection stay agreement issue in the administrative hearing. Moreover, it appears that respondent complied with its terms. The Supreme Court's denial of the petition for writ of certiorari on November 6, 2000, finalized the decisions of the Tax Court and the Court of Appeals for the Eleventh Circuit. In accordance with the agreement, respondent did not resume any collection activity until approximately 10 months after the Supreme Court's denial of petitioner's petition for writ of certiorari.[3]

Petitioner makes a second argument as to why respondent should be precluded from proceeding with collection. The essence of petitioner's argument is that respondent failed or waived the right to respond to petitioner's petition for writ of certiorari. Petitioner further contends that the waiver of the right to respond constitutes a waiver or bar to respondent with respect to petitioner's position that he owes no tax for 1993 and 1994.

Petitioner bases his position on rule 15 of the Rules of the Supreme Court, which, among other provisions, sets forth procedures for waiver of the right to respond to a petition for writ of certiorari. Specifically, petitioner contends that the waiver of the right to respond foreclosed respondent from taking collection action against petitioner. Petitioner's reliance on

---

[3] Respondent's resumed collection activity, offsetting against petitioner's 1993 liability an overpayment from another period, was unrelated to a levy on petitioner's property.

rule 15 of the Rules of the Supreme Court is misplaced and without substance.  The rule's purpose relates solely to procedural requirements for filing briefs in opposition, reply briefs, and supplemental briefs with respect to petitions for writs of certiorari.  The rule has no bearing on petitioner's underlying tax liability or on whether respondent may proceed with collection activity.[4]  Respondent's waiver was not a concession with respect to petitioner's tax liabilities.

Respondent provided petitioner with an opportunity for a hearing pursuant to section 6330(b).  The Appeals officer properly considered and met the section 6330 hearing requirements with respect to petitioner's 1993 and 1994 tax years.

II.  Section 6330 Notice Requirements

The next issue we consider is whether respondent met the notice requirements of section 6330(a) for petitioner's 1993 and 1994 tax years.  Before proceeding with a levy, the Secretary must meet several notice requirements.  Section 6330(a)(1) provides that no levy may be made on any property of a taxpayer unless the Secretary, before proceeding with the levy, has notified the person in writing of the right to a hearing.  Section 6330(a)(2) specifies that such notice be:  (1) Given in person; (2) left at the taxpayer's dwelling or usual place of business; or (3) sent by certified or registered mail to the

---

[4] On brief, in addition to taking the rule completely out of context, petitioner distorted its text by omitting relevant phrases and adding language.

taxpayer's last known address. Further, such notice must be furnished at least 30 days before the first levy action. See sec. 6330(a)(2).

Petitioner received timely written notice of respondent's intent to levy and petitioner's right to request a hearing for his 1994 tax year. However, the record does not reflect, one way or the other, whether a notice of intent to levy was issued with respect to petitioner's 1993 tax year. Petitioner raised this issue with respondent before his administrative hearing. For simplicity, petitioner and respondent agreed to and held a hearing with respect to both the 1993 and 1994 tax liabilities. However, the plain meaning of section 6330(a)(1) is that no levy may be made without proper notice to a taxpayer. Petitioner's agreement to include his 1993 tax year cannot substitute for the explicit notice requirements of section 6330(a)(2). Respondent may not proceed with a levy with respect to petitioner's 1993 tax liability without satisfying these requirements.

Sufficient evidence was not produced for us to ascertain whether respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing for his 1993 tax year. This is a genuine issue of material fact, and accordingly, the cross-motions for summary judgment with respect to this issue are denied. Apart from this single flaw, respondent met all of the section 6330 prerequisites with respect to petitioner's 1993 and 1994 tax years. The Appeals officer

verified that respondent had complied with all legal and procedural requirements pertaining to the proposed levy.  In addition, the Appeals officer balanced the need to efficiently collect tax with concerns that the means of collection be no more intrusive than necessary.  Finally, because of a lack of viable collection alternatives, the Appeals officer concluded that the proposed levy was legally and procedurally correct.

Accordingly, we hold that respondent's determination to proceed with collection of petitioner's 1994 tax liability was not an abuse of discretion.

To reflect the foregoing,

<u>An order will be issued granting in part and denying in part respondent's motion for summary judgment and denying petitioner's cross-motion</u>.