T.C. Summary Opinion 2008-43

UNITED STATES TAX COURT

JOAN B. SINGLETON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 256-05S.                    Filed April 23, 2008.

Joan B. Singleton, pro se.

<u>John F. Driscoll</u>, for respondent.

CARLUZZO, <u>Special Trial Judge</u>:  This section 6330(d)[1] case was heard pursuant to the provisions of section 7463.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be cited as precedent for any other case.

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period.

"Bad things happen if you fail to pay federal income taxes when due."  Hinck v. United States, 550 U.S. ___, ___, 127 S. Ct. 2011, 2013 (2007).  Petitioner failed to pay her 1991 Federal income tax when due.  Her Federal income tax return for that year was not filed until August 3, 1995, and the tax liability reported on that return was neither previously paid nor paid with the return.  Because she failed timely to file Federal income tax returns, or pay her Federal income tax liabilities for the years 1990, 1992, and 1993 as well, the things that happened went from bad to worse.[2]

## Background

The Federal income tax liability reported on petitioner's 1991 return is $772, which consists entirely of the tax imposed on her self-employment income for that year.  See sec. 1401.

---

[2] Petitioner's filing history is hardly exemplary.  Her Federal income tax returns for 1990, 1991, 1992, 1993, 1996, 1997, 1998, 1999, 2000, and 2001 were all filed late.  She overpaid her income tax for some of those years and underpaid her tax for others.  Her expectations as to how the overpayments from certain years should be treated were not consistent with the manner in which respondent, pursuant to sec. 6402(a), actually treated those overpayments.

At the same time that respondent was attempting to collect petitioner's 1991 tax liability, respondent was attempting to collect her outstanding tax liabilities for other years as well. This situation caused numerous complications, misunderstandings, and disagreements between petitioner and respondent over matters that otherwise should have been easily resolved.  The petition references the years "1990-1993, 1996" and describes credits from overpayments from later years as improperly applied to one or more of these years.  In response to respondent's jurisdictional motion, so much of this case as relates to any year other than 1991 has been previously dismissed for lack of jurisdiction.

When her 1991 return was processed in September 1995, that amount was assessed, along with various additions to tax and interest. Over the years, additional amounts of penalties and interest accrued, and an amount recovered by levy,[3] as well as an overpayment from another period were credited against petitioner's 1991 account. As of October 13, 2003, petitioner's 1991 unpaid tax liability, including related amounts, totaled $842.23.[4]

In correspondence with respondent, petitioner took the position that respondent should credit the $1,122.87 refund claimed on her 1990 return, which she also filed on August 3, 1995, against her outstanding 1991 tax liability. Petitioner's 1990 return is not in the record. According to the stipulation of facts, her 1990 return shows no income tax liability, and the refund claimed on that return is attributable entirely to income tax withholdings.

In correspondence between petitioner and respondent during 2003, petitioner was advised that the allowance of any credit from 1990 was barred by the statute of limitations. See sec. 6511. Petitioner disagreed. She failed or refused to make any

---

[3] The levy, made in 1997, preceded the effective date of sec. 6330.

[4] The computation of this amount was provided to petitioner by respondent in a letter, the details of which can fully be appreciated only if read. The letter is part of a supplement to petitioner's objection to respondent's jurisdictional motion.

additional payments towards her 1991 tax liability, which, of course, invited the accrual of additional interest and penalties.

In a notice dated February 25, 2004, petitioner was notified of respondent's intent to levy in order to collect her outstanding 1991 Federal income tax liability. That notice also advised petitioner of her right to request an administrative hearing in order to challenge respondent's proposed collection action, which she did. See sec. 6330. At the administrative hearing, petitioner once again claimed she owed nothing for 1991 because she was entitled to a credit for the refund of the overpayment shown on her 1990 return. Once again, she was advised that the allowance of any credit from 1990 was barred by the statute of limitations. As an alternative to the proposed levy, petitioner was offered an installment agreement, but she did not respond to the offer.

In a Notice of Determination Concerning Collection Action(s) Under Sections 6320 and/or 6330, dated December 3, 2004, respondent determined that the "proposal to issue a tax levy to collect [1991] unpaid taxes is appropriate". Petitioner, who is an attorney, timely petitioned this Court in response to that notice. She was living in Alabama at the time.

## Discussion

In proceedings such as this, in addition to issues not raised here or during the administrative hearing, a taxpayer may

challenge the existence or the amount of the underlying liability to which the proposed collection action relates if the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to challenge that liability.  Sec. 6330(c)(2).  A taxpayer's claim to have paid an income tax liability arising from an otherwise unchallenged assessment can be viewed as a challenge to the existence or the amount of that liability within the meaning of section 6330.  Boyd v. Commissioner, 117 T.C. 127, 131 (2001).  In such situations, we review de novo the taxpayer's claim to have fully or partially paid the underlying liability. Id.

Our review of petitioner's claim starts with respondent's records.  Those records clearly demonstrate that petitioner has an outstanding 1991 Federal income tax liability.  According to petitioner, that outstanding liability would be reduced, if not completely eliminated, if she were given credit for the refund claimed on her untimely filed 1990 return.  Respondent's records suggest that petitioner's point is well made and confirm that her outstanding 1991 tax liability does not take into account any credit from a 1990 overpayment of tax.

Petitioner's entitlement to the relief she seeks in this proceeding depends upon whether she is entitled to a refund for 1990, and if so, whether respondent is obligated to credit that refund against her 1991 liability.

Respondent supports his failure or refusal to offset all or any portion of petitioner's 1991 tax liability by the allowance of any credit from 1990 upon the ground that the period of limitations for claiming the refund shown on petitioner's 1990 return had expired before her 1990 return, on which she made the refund claim was filed. See sec. 6511; Commissioner v. Lundy, 516 U.S. 235 (1996). Petitioner, on the other hand, argues that her refund claim made on her 1990 return was timely. For the following reasons, we find it inappropriate to resolve this issue.

In Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006), we held that the Court lacks refund jurisdiction in section 6330(d) cases, noting that "we do not believe we should assume, without explicit statutory authority, jurisdiction either to determine an overpayment or to order a refund or credit of taxes paid". Id. at 11. Our holding in that case is directed towards the taxpayer's claim for refund for the same year placed in dispute in connection with the Commissioner's proposed collection action. Because we lack jurisdiction in a section 6330(d) case to determine a taxpayer's entitlement to a refund for a year over which we have jurisdiction, we question whether we are empowered to determine a taxpayer's entitlement to a refund for a year over

which we have no jurisdiction.[5]  That question, however, need not be resolved in this proceeding.

Even if the parties agreed that petitioner was entitled to a refund for 1990, she would be in no position to demand that the refund be applied to her outstanding 1991 tax liability.  If on her 1990 return she designated the overpayment to be applied to her 1991 "estimated tax", because of her outstanding tax liabilities for other years respondent was not and is not bound by that election.  See sec. 301.6402-3(a)(5) and (6), Proced. & Admin. Regs.  On the other hand, if petitioner elected to have the overpayment of tax shown on that return refunded, that election is irrevocable.  See sec. 301.6402-3(d), Proced. & Admin. Regs.

If petitioner believes that she is entitled to a refund for overpaid 1990 Federal income tax, then she should exercise whatever rights she has to pursue her claim for that refund independent of this proceeding.  See, e.g., sec. 7422.

Except as discussed, petitioner does not otherwise challenge the existence or the amount of the underlying liability that respondent proposes to collect by levy.  Neither does she suggest

---

[5] Although not controlling here, see sec. 6214(b), which provides that the "Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation to taxes for other years * * * as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year * * * has been overpaid or underpaid."

that respondent's determination to do so is in any way an abuse of discretion.  Nothing in the record suggests that the amount of petitioner's 1991 tax liability as shown in respondent's records has been mistakenly calculated, and nothing in the record suggests that respondent's actions in attempting to collect that liability have failed to comply with the provisions of section 6330.

It follows respondent may proceed with collection as proposed in the above-mentioned notice of determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.