T.C. Summary Opinion 2011-124

UNITED STATES TAX COURT

ROGER K. CIAFRE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7052-10SL.                    Filed October 24, 2011.

Roger K. Ciafre, pro se.

Harry J. Negro, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code of 1986, as amended.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320/6330 (the notice). The notice sustained the filing of a notice of Federal tax lien (NFTL) issued to petitioner pertaining to his unpaid 1998 Federal income tax. The issue for decision is whether respondent correctly sustained the filing of an NFTL.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Pennsylvania when he filed his petition.

Petitioner is an attorney and in 1998 worked for a small law firm in Philadelphia. Petitioner was treated as an independent contractor by the law firm. Petitioner timely filed his 1998 Federal income tax return but did not remit any tax with the return.

Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, reflects that on December 3, 1999, respondent issued petitioner a notice of an intent to levy to collect petitioner's unpaid tax liability for 1998. U.S. Postal Service Form 3877, Certified Mailing List, indicates that on February 22, 2001, respondent mailed petitioner a notice of determination pursuant to section 6330. On August 18, 2009, respondent issued petitioner notice of an NFTL filing concerning petitioner's

unpaid tax liability for 1998.  Respondent issued petitioner a notice of determination dated February 26, 2010, which sustained the filing of the NFTL.

## Discussion

Section 6321 imposes a lien in favor of the United States upon all property and rights to property belonging to a person who is liable for Federal taxes and neglects or refuses to pay them after notice and demand for payment has been made.  Section 6320(a) and (b) provides that a taxpayer shall be notified in writing by the Commissioner of the filing of an NFTL and be provided an opportunity for an administrative hearing.  A hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330.  Sec. 6320(c).

If a taxpayer requests a hearing in a lien case, the hearing is to be conducted by the Appeals Office (Appeals).  Sec. 6320(b)(1).  At the hearing the Appeals officer (AO) must verify that the requirements of any applicable law or administrative procedure have been met.  Secs. 6320(c), 6330(c)(1).  The taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including challenges to the appropriateness of the proposed lien and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is expected to provide all relevant information requested by Appeals for its consideration of the facts and issues involved in the

hearing, including financial statements. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs. A taxpayer may raise challenges to the existence or amount of the underlying tax liability if he or she did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax. Sec. 6330(c)(2)(B).

If a taxpayer's underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court will review all other determinations regarding the proposed collection for abuse of discretion. Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182. A taxpayer's claim that the limitations period for collections has expired is a challenge to the underlying tax liability. Boyd v. Commissioner, 117 T.C. 127, 130 (2001) (citing MacElvain v. Commissioner, T.C. Memo. 2000-320).

Petitioner's only argument against the NFTL is that the limitations period for collections has expired for his unpaid 1998 tax liability. Petitioner is challenging his underlying tax liability. See Boyd v. Commissioner, supra at 130. Petitioner believes it is possible that he had a hearing for a levy in 1999. Petitioner testified that "I can't say 100 percent I never requested a hearing. * * * [I]f that's what the hearing is, a

ten-minute phone call, I mean I barely remember the one I had in 2010, yet [sic] alone a hearing that I might have had in 1999."

Respondent introduced into evidence transcripts suggesting there was a collection due process hearing in December 1999 and a U.S. Postal Service Form 3877 indicating that a notice of determination was mailed by certified mail to petitioner in February 2001. The Court finds by a preponderance of the evidence that petitioner had a prior opportunity to dispute his 1998 tax liability. Therefore, petitioner's underlying tax liability is not properly at issue,[1] see sec. 301.6320-1(e)(3), Q&A-E7, Proced. & Admin. Regs., and the determination to sustain the filing of the NFTL will be reviewed for abuse of discretion, see Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.

Petitioner raised no challenge to the appropriateness of the NFTL filing, offered no collection alternatives, and provided no financial statements to the AO. See secs. 301.6320-1(e)(3), Q&A-E7, 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

---

[1]The Court recognizes that petitioner would have had no reason in 1999 to argue that the limitations period for collection of his 1998 tax liability had expired. Even were the Court to consider petitioner's argument, the outcome of this case would be the same. The limitations period for collection was suspended for the period after the notice of determination for the levy was issued. See secs. 6502 and 6503. The NFTL was issued before the limitations period for collection expired.

The Court finds that respondent's determination to sustain the filing of the NFTL was not an abuse of discretion.

We have considered petitioner's arguments, and, to the extent not mentioned, we conclude the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.