T.C. Memo. 2016-52

UNITED STATES TAX COURT

PAUL W. GRAUER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21645-13L.                    Filed March 22, 2016.

Paul W. Grauer, pro se.

Briseyda Villalpando and Mayah Sohl-Cade, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether respondent is permitted, pursuant to section 6502, to collect petitioner's 1998 tax liability.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

[*2]                           FINDINGS OF FACT

On April 6, 2000, petitioner filed his 1998 Federal income tax return. He reported $103,495 of taxable income, a $40,637 tax liability, and a $38,577 balance due. Respondent, on May 8, 2000, assessed a $57,698 tax liability against petitioner.[2] Respondent's account transcript relating to 1998 indicates that on July 13, 2001, respondent received a signed return receipt relating to a notice of intent to levy.[3] On October 2, 2001, the parties executed Form 900, Tax Collection Waiver, on which the 10-year period of limitation for collection was extended until "May 8, 20015". Respondent's account transcript relating to 1998 further indicates that on October 3, 2001, petitioner entered into an installment agreement; on February 20, 2006, the installment agreement was terminated; and from 2006 to 2012 respondent issued petitioner balance due notices.

Respondent, on February 11, 2013, issued petitioner a notice of intent to levy relating to 1998. On March 7, 2013, respondent received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing. During a

_____

[2]The tax liability included the $40,637 tax reported on the return, a $1,844.44 estimated tax penalty, an $8,693.32 failure to timely file addition to tax, a $2,511.40 failure to timely pay addition to tax, and $4,011.47 of interest.

[3]After trial, and in response to an order from the Court, respondent contended that this entry was incorrect.

- 3 -

**[*3]** June 18, 2013, face-to-face collection due process hearing, petitioner contended that a typographical error (i.e., the waiver's "May 8, 20015" expiration date) renders the waiver invalid; the waiver was not agreed to in connection with an installment agreement; and the period of limitation for collection relating to 1998 had expired before respondent issued the February 11, 2013, notice of intent to levy. Respondent, on August 19, 2013, issued petitioner a notice of determination sustaining the proposed collection action. On September 17, 2013, petitioner, while residing in Illinois, timely filed a petition with the Court.

OPINION

The Court has jurisdiction to determine its jurisdiction over a particular case. See Kluger v. Commissioner, 83 T.C. 309, 314 (1984). Respondent's account transcript indicates that this case relates to a collection due process hearing that was conducted following a second notice of intent to levy relating to 1998. The Court does not have jurisdiction to review respondent's determination relating to such a hearing. See Orum v. Commissioner, 123 T.C. 1, 10-12 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). Respondent contends, however, that his account transcript is inaccurate, and he did not issue a notice of intent to levy during 2001. Furthermore, no direct evidence of such a notice was produced by either party. Accordingly, we agree with respondent that his account transcript is

[*4] inaccurate and that we have jurisdiction to review his determination relating to the February 11, 2013, notice of intent to levy.

Petitioner contends that he did not enter into an installment agreement, the waiver is thus invalid, and the 10-year period of limitation for collection has expired.[4]  See sec. 6502(a) (stating that the period of limitation for collection may be extended by waiver if the extension is agreed to at the same time an installment agreement is entered into).  Petitioner's contention is an affirmative defense, and petitioner has met his burden of establishing a prima facie case that the notice of intent to levy was issued 10 years after respondent's assessment.  See Jordan v. Commissioner, 134 T.C. 1, 5-6 (2010).  Respondent bears the burden of production relating to proving an exception to the 10-year period of limitation for collection (i.e., whether petitioner signed a waiver at the time an installment agreement was entered into).  See sec. 6502(a)(2)(A); Jordan v. Commissioner, 134 T.C. at 6.  Respondent has not met his burden.

Respondent produced a waiver relating to 1998, on which the parties extended the 10-year period of limitation for collection.  He did not, however,

_____

[4]Petitioner's contention constitutes a challenge to the underlying tax liability.  See Jordan v. Commissioner, 134 T.C. 1, 8 n.6 (2010); Boyd v. Commissioner, 117 T.C. 127, 130 (2001).  Thus, we review this matter de novo. See Davis v. Commissioner, 115 T.C. 35, 39 (2000).

**[*5]** produce an installment agreement that was entered into in connection with the waiver.  See sec. 6502(a)(2)(A).  In fact, respondent's only evidence that such an agreement exists is an account transcript that he concedes is inaccurate and an indecipherable and unconvincingly explained collection of numerical codes.  Accordingly, we find that an installment agreement was not agreed to in connection with the waiver, and the 10-year period of limitation for collection has expired.

To reflect the foregoing,

Decision will be entered

for petitioner.