T.C. Memo. 2008-189

UNITED STATES TAX COURT

ROBERT EMMETT MCARDLE III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8933-07L.                    Filed August 7, 2008.

Robert Emmett McArdle III, pro se.

<u>Susan K. Greene</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This action was commenced in response to a

Notice of Determination Concerning Collection Action(s) Under

Section 6320 and/or 6330 (notice of determination) with respect

to petitioner's 1990, 1991, 1993, 1994, and 1998 Federal income

tax liabilities.  The issue for decision is whether the periods

of limitations on collection for petitioner's 1990 and 1991 tax

years have expired, making the imposed notice of Federal tax lien inappropriate with respect to those years. Unless otherwise indicated, all section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas at the time his petition was filed.

Federal income tax liabilities arose because petitioner failed to pay in full the tax reported on his returns for 1990, 1991, 1994, and 1998. Petitioner's 1993 tax return reflected a refund due. The Internal Revenue Service (IRS) received petitioner's 1990 return on June 12, 1992, and timely assessed the tax due on July 27, 1992. The IRS received petitioner's 1991 return on July 1, 1992, and timely assessed the tax due on August 3, 1992.

The IRS audited petitioner's returns for 1990, 1991, and 1993. Petitioner entered into agreements to extend the periods of limitations on assessment for these tax years. In particular, the 1990 assessment period was extended to September, 20, 1999, and the 1991 assessment period was extended to October 8, 1999. The IRS timely assessed the additional tax for 1990 on June 3, 1996, and for 1991 on June 10, 1996.

On September 28, 1992, petitioner filed a chapter 13 bankruptcy petition. On March 15, 1996, the bankruptcy court entered an order dismissing petitioner's bankruptcy case. Petitioner filed a second chapter 13 bankruptcy petition on September 26, 1996. An order dismissing this second bankruptcy case was entered on December 11, 1996.

The IRS sent a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 to petitioner on June 30, 2006. On July 10, 2006, the IRS filed a notice of Federal tax lien for petitioner's outstanding tax liabilities for the years in issue. Petitioner made a timely request for an administrative hearing (section 6330 hearing) regarding the lien.

On January 19, 2007, a settlement officer held a section 6330 hearing with petitioner. Petitioner argued that: (1) The amount of the 1994 tax liability determined by the IRS was incorrect; (2) the assessment dates for tax years 1990 and 1994 were incorrect; (3) the IRS miscalculated the periods of limitations on collection and those periods had expired; and (4) the notice of Federal tax lien should be withdrawn.

On March 15, 2007, the Appeals Office sent to petitioner the notice of determination upon which this case is based. The notice of determination upheld the tax lien and affirmed that: (1) The 1994 tax liability, which was determined according to the return filed by petitioner, was accurate; (2) the assessment

dates for 1990 and 1994 shown in the IRS records were correct;
(3) the periods of limitations on collection for all tax years
had not passed because the IRS calculations of those periods were
correct; and (4) the notice of Federal tax lien should not be
withdrawn because withdrawal of the lien would neither facilitate
the collection of the tax liability nor be in the best interests
of both the Government and petitioner.  The notice of
determination concluded that the filing of the Federal tax lien
was in conformity with IRS procedures and was necessary to
protect the Government's interest in petitioner's assets.

                              OPINION

     Although petitioner raised other arguments at various stages
of the proceedings, his argument at trial and in his posttrial
brief is that the periods of limitations on collection for 1990
and 1991 have expired.  He argues, therefore, that the Federal
tax lien is inappropriate with regard to those years.

     Section 6321 creates a lien in favor of the United States on
all property and rights to property belonging to a person liable
for taxes when payment has been demanded and neglected.  The lien
arises by operation of law when the IRS assesses the amount of
unpaid tax.  Sec. 6322.  The IRS files a notice of Federal tax
lien to preserve priority and put other creditors on notice.  See
sec. 6323.

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a lien under section 6323.  This notice must be provided not more than 5 business days after the day the notice of Federal tax lien is filed and must advise the taxpayer of the opportunity for an administrative review in the form of a hearing.  Sec. 6320(a).

Section 6320 further provides that the taxpayer may request a section 6330 hearing within the 30-day period beginning on the day after the 5-day period.  Sec. 6320(a)(3)(B).  The hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).  Sec. 6320(c).  A taxpayer may raise any relevant issue at the hearing, including challenges to "the appropriateness of collection actions".  Sec. 6330(c)(2)(A)(ii).

The settlement officer must (1) consider issues raised by the taxpayer, (2) verify that the requirements of applicable law and administrative procedures have been met, and (3) consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person [involved] that any collection action be no more intrusive than necessary."  Sec. 6330(c)(3).  The notice of determination in this case reflects that all the required steps were taken.

We have jurisdiction to review the Appeals Office determination with respect to a section 6330 hearing.  Secs. 6320(c), 6330(d)(1); see Greene-Thapedi v. Commissioner, 126 T.C. 1, 6 (2006).  Petitioner contends that the periods of limitations for the collection of his 1990 and 1991 Federal income tax liabilities have expired.  We review this particular matter de novo.  See Boyd v. Commissioner, 117 T.C. 127, 130 (2001); MacElvain v. Commissioner, T.C. Memo. 2000-320 (explaining that a claim that the limitations period has expired constitutes a challenge to the underlying tax liability).  For reasons discussed below, we conclude that they did not.

After a return is filed, the IRS generally is limited to 3 years to assess the amount of tax imposed; i.e., the period of limitations on assessment.  Sec. 6501(a).  The period of limitations on assessment may be extended if the IRS and the taxpayer agree to an extension in writing.  Sec. 6501(c)(4). Where the assessment of any tax has been properly made within the period of limitations on assessment, the IRS may collect the tax within 10 years after the date of the assessment; i.e., the period of limitations for collection after assessment.  Sec. 6502(a)(1).

Statutory periods of limitations may be suspended during any time that the IRS is prohibited from assessing or collecting tax, such as during the pendency of certain court proceedings, section

6330 hearings, bankruptcy proceedings, and installment agreements.  Secs. 6320(c), 6330(e)(1), 6331(k)(3)(B), 6502(a), 6503(a)(1), (h).  The period of limitations on collection is extended for an additional 6 months after a bankruptcy case is dismissed or discharged.  Sec. 6503(h)(2).

Petitioner contends that the 10-year statutory periods of limitations on collection for his 1990 and 1991 tax years have expired.  He argues that the settlement officer should have used a different method of calculation to determine the expiration dates.  In determining the method of calculation that should be applied, petitioner relies on a special rule (Restructuring Act rule) found in section 3461(c)(2) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 764, which provides:

> (2) Prior request.--If, in any request to extend the period of limitations made on or before December 31, 1999, a taxpayer agreed to extend such period beyond the <u>10-year period referred to in section 6502(a)</u> of the Internal Revenue Code of 1986, such extension shall expire on the latest of--
>
> (A) the last day of such 10-year period;
>
> (B) December 31, 2002; or
>
> (C) in the case of an extension in connection with an installment agreement, the 90th day after the end of the period of such extension.
>
> [Emphasis added.]

Petitioner asserts that his 1990 and 1991 tax years qualify for treatment under this Restructuring Act rule because he had

entered into agreements, before December 31, 1999, to extend the period of limitations for both years. Petitioner argues that subsection (c)(2)(B) or (C) of the Restructuring Act rule applies and, accordingly, should limit the periods of limitations to either December 31, 2002, or 90 days after the end of each extension agreement.

The Restructuring Act rule, however, applies only to extensions of periods of limitations on collection. Petitioner entered into agreements to extend the periods of limitations on assessment under section 6501, not on collection under section 6502. Thus, the Restructuring Act rule does not apply to petitioner's case.

Petitioner's remaining argument is that the lien should be withdrawn. Insofar as the underlying tax liability is not at issue, we review the findings from the section 6330 hearing using an abuse of discretion standard. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 747, 1020. For us to conclude that there was an abuse of discretion in sustaining the lien, petitioner would have to show that the settlement officer's determination was arbitrary, capricious, or without sound basis in fact or law. See Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); see also 5 U.S.C. sec. 706(2)(A) (2006). He has not done so here.

In reviewing the settlement officers's calculations of the relevant periods of limitations on collection, we find no material errors. The correct assessment dates for tax years 1990 and 1991 were used as the starting points for the calculations. The settlement officer took into account the suspensions of the limitation periods related to bankruptcy proceedings, including the additional 6-month extensions pursuant to section 6503(h)(2).

Petitioner presented neither evidence nor argument showing that the settlement officer's computation of the periods at issue was erroneous under the method of calculation used. We conclude that the settlement officer properly calculated the periods of limitations on collection for 1990 and 1991 and that those periods have not expired.

Taking into account all the facts and circumstances of this case, we hold that the settlement officer did not commit an error in calculating the periods of limitations or abuse his discretion in sustaining the notice of Federal tax lien. In reaching our decision, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.