T.C. Memo. 2008-197

UNITED STATES TAX COURT

HAIDEE JOY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 878-07L.              Filed August 25, 2008.

Haidee Joy, pro se.

<u>Laura L. Buckley</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner
seeks review of respondent's determination to proceed with the
collection of petitioner's unpaid 1992, 1993, and 1995 (years at
issue) Federal income tax liabilities.  The issue is whether the

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code, as in effect for the years at issue.

filing of a notice of Federal tax lien is barred by the period of limitations on collection under section 6502.

FINDINGS OF FACT

Petitioner resided in California at the time her petition was filed.

Petitioner filed Federal income tax returns for the years at issue but failed to pay the balances shown as due on the returns. On September 5, 1997, petitioner and respondent executed a Form 900, Tax Collection Waiver, extending the period of limitations on collection activities until December 31, 2011, for, inter alia, the years at issue. On November 10, 1997, petitioner and respondent entered into an installment agreement by which petitioner would pay the outstanding liabilities. At some point undisclosed in the record, petitioner defaulted on the installment agreement.

On June 22, 2006, respondent issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (notice of Federal tax lien) for the years at issue. On July 6, 2006, petitioner requested an Appeals hearing under section 6320. Petitioner indicated that she did not agree with the filing of the tax lien. Petitioner stated: "It is my belief that these amounts are unenforceable as the statute of limitations has run. I hereby request that all federal tax liens associated with your notices of amount due be released."

On October 11, 2006, respondent's Appeals officer sent petitioner a letter scheduling a telephone conference and requesting financial data. On October 17, 2006, petitioner sent the Appeals officer a letter requesting a correspondence hearing. On November 11, 2006, the Appeals officer sent petitioner a letter and a copy of the previously executed Form 900. Petitioner replied, stating that the amounts listed on the Form 900 were related to her Forms 941, Employer's Quarterly Federal Tax Return, not her Forms 1040, U.S. Individual Income Tax Return. Petitioner further stated that she would not provide the requested financial information because the period for collection had expired.

On December 8, 2006, respondent's Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for the years at issue. Respondent determined that all appropriate requirements of law and administrative procedures had been met, that the notice of Federal tax lien balanced the need for efficient collection with the concerns of the taxpayer that collection be no more intrusive than necessary, and that the statutory period for collection had not expired. Accordingly, the notice of Federal tax lien was sustained in full.

OPINION

Section 6320(a) requires that the Commissioner furnish a taxpayer with written notice of the filing of a Federal tax lien within 5 business days after the lien is filed. Section 6320 further provides that the taxpayer may request an Appeals hearing within 30 days beginning on the day after the 5-day period described above. Sec. 6320(a)(3)(B), (b)(1). If the taxpayer requests a hearing under section 6320, an Appeals officer of the Commissioner must hold the hearing. Sec. 6320(b)(1). Within 30 days of the issuance of the Appeals officer's determination, the taxpayer may seek judicial review of the determination. Sec. 6330(d)(1).

Petitioner claims that the period of limitations on collection expired before the notice of Federal tax lien was mailed to her and therefore respondent's notice of Federal tax lien was unenforceable and should be withdrawn. See secs. 6322, 6325, 6326.

Generally, the period of limitations for collection of assessed Federal income taxes begins on the date taxes are assessed and ends 10 years thereafter. Sec. 6502(a)(1); Severo v. Commissioner, 129 T.C. 160, 168 (2007). Before the 10-year period of limitations expires, it may be extended for any period

agreed upon in writing by the Commissioner and the taxpayer.[2]
Sec. 6502(a)(2); sec. 301.6502-1(a)(2)(i), Proced. & Admin. Regs.
(as in effect on September 5, 1997); see United States v. Conry,
631 F.2d 599, 599 (9th Cir. 1980).  However, in 1998 Congress
enacted the Internal Revenue Service Restructuring and Reform Act
of 1998 (RRA), Pub. L. 105-206, sec. 3461(c)(2), 112 Stat. 764,
which provides that an extension entered into on or before
December 31, 1999, expires on the latest of (1) the last day of
the 10-year period under section 6502(a)(1); (2) December 31,
2002; or (3) in the case of an extension in connection with an
installment agreement, the 90th day after the end of the period
of such extension.  McArdle v. Commissioner, T.C. Memo. 2008-189.

On September 5, 1997, well within the 10-year period for
collection, the parties agreed to extend the period for
collection until December 31, 2011.  Petitioner testified that
she signed the extension so that she could enter into an
installment agreement.  Accordingly, the Court finds that the
extension was entered into in connection with an installment
agreement.  Under section 6502(a)(2) and RRA section 3461(c)(2),
the period for collection expires on the 90th day after December

---

[2]Congress has since enacted a new sec. 6502(a)(2) to provide
that extensions of the 10-year period of limitations on
collection made after Dec. 31, 1999, may be made only in certain
situations, including an extension made in connection with an
installment agreement.  Internal Revenue Service Restructuring
and Reform Act of 1998, Pub. L. 105-206, sec. 3461, 112 Stat.
764; see sec. 301.6502-1(b), Proced. & Admin. Regs.

31, 2011, and the collection period had not expired when the notice of Federal tax lien was sent on June 22, 2006.[3]

Contrary to petitioner's assertion, the Form 900 clearly shows that the unpaid tax liabilities at issue relate to Form 1040 individual income tax liabilities, not Form 941 employer tax liabilities. Petitioner offered no evidence which would indicate the information provided on the Form 900 is inaccurate. Petitioner also alleges that she signed the Form 900 under duress. However, she offered no evidence to support the allegation.

Accordingly, the Court finds that the parties extended the period of limitations on collection of petitioner's unpaid Federal income tax liabilities for the years at issue and that the filing of a notice of Federal tax lien is not barred by section 6502. Petitioner presented no other basis for her claim that the notice of Federal tax lien is inappropriate. Therefore, the notice of Federal tax lien is sustained in full.

To reflect the foregoing,

Decision will be entered for respondent.

---

[3]The Court also notes that the period for collection under sec. 6502 was suspended on July 6, 2006, the date petitioner requested a hearing under sec. 6320, and will continue to be suspended during the period in which the hearing and any related appeal are pending. See secs. 6320(c), 6330(e)(1); Boyd v. Commissioner, 117 T.C. 127, 130-131 (2001).