SHELBY L. JORDAN AND DONAZELLA H. JORDAN, PETITIONERS
*v*. COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 14572–07L.        Filed January 11, 2010.

P wife signed a Form 900, Tax Collection Waiver, containing a waiver extending the 10-year period of limitations on collection for the first 4 of the tax years in issue. After signing the waiver, Ps entered into an installment agreement with R. Although P husband's signature purportedly appears on the Form 900, P husband contends that he never signed the Form 900 and, therefore, the waiver is invalid as to both Ps. R contends that P husband signed the waiver and that, if P husband did not sign the waiver, the waiver is nevertheless valid as to both Ps. Ps also contend that R failed to send Ps a notice of deficiency for the tax years in issue. *Held*: *Adler v. Commissioner*, 85 T.C. 535 (1985), which delineates the parties' respective burdens of production and proof regarding the 3-year period of limitations on assessment under sec. 6501(c)(4), I.R.C., also applies to cases involving the 10-year period of limitations on collection under sec. 6502(a)(1), I.R.C. *Held*, *further*, P wife may separately enter into a valid waiver of the 10-year period of limitations on collection for tax years for which she has filed a joint tax return, and the waiver is valid as to her. The waiver, however, is not valid as to P husband unless he also signed the Form 900 or unless he may not otherwise repudiate it. *Held*, *further*, because the waiver of the 10-year period of limitations on collection is a dispute regarding the underlying liability, we review de novo the issue of whether P husband's signature on the Form 900 is authentic. *Held*, *further*, Ps did not meet their burden of

1

proving that P husband did not sign the Form 900. *Held*, *further*, alternatively, regardless of the authenticity of P husband's signature, P husband may not repudiate the waiver contained in the Form 900. *Held*, *further*, because it is unclear from the record whether a notice of deficiency was sent to Ps for certain of the tax years in issue, we remand the case to R's Appeals Office to clarify the record pursuant to *Hoyle v. Commissioner*, 131 T.C. 197, 205 (2008), as to those years.

*Pierce J. Guard, Jr.*, for petitioners.
*Jeffrey S. Luechtefeld*, for respondent.

OPINION

WELLS, *Judge*: Respondent sent a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) to petitioners with respect to a lien filed to collect petitioners' unpaid tax liabilities for their 1986, 1987, 1988, 1989, 1994, and 1995 tax years. In response, petitioners timely filed a petition pursuant to section 6330(d) seeking review of respondent's determination.[1] We must decide the following issues: (1) Whether petitioners bear the burden of proof; (2) whether the signature of one spouse, who filed a joint return with the other spouse, is sufficient to bind both spouses to the waiver of the 10-year period of limitations contained in Internal Revenue Service (IRS) Form 900, Tax Collection Waiver; (3) if one spouse's signature is insufficient to bind both such spouses on the Form 900, whether petitioner husband signed the Form 900 and whether our standard of review of that issue is de novo or abuse of discretion; (4) whether petitioner husband may repudiate the Form 900 after respondent relied upon it to enter into an installment agreement with petitioners; and (5) whether respondent sent petitioners a notice of deficiency for the tax years 1986, 1988, and 1989.[2]

*Background*

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this Opinion by reference and are found accordingly.

_____

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.
[2] Petitioners concede that the notice of Federal tax lien for tax years 1994 and 1995 was sent within the period of limitations on collection.

At the time the petition was filed, petitioners resided in California.

Petitioners are husband and wife. Petitioners filed joint Federal income tax returns for the tax years in issue.

Petitioner Shelby L. Jordan (Mr. Jordan) was a professional football player in the National Football League (NFL).

On April 3, 1989, respondent assessed petitioners' income tax for their 1987 tax year after petitioners filed a Federal income tax return and did not pay the tax shown on the return.

On June 1, 1992, respondent assessed petitioners' income tax for their 1986 tax year on the basis of an audit of petitioners' return for that year.

On April 26, 1993, respondent assessed petitioners' income tax for their 1988 and 1989 tax years on the basis of an audit of petitioners' returns for those years.

On March 2, 1995, petitioner Donazella H. Jordan (Mrs. Jordan) signed Form 900 containing a waiver until December 31, 2010, of the period of limitations on collection of petitioners' tax due for petitioners' 1985, 1986, 1987, 1988, and 1989 tax years. The Form 900 contains a signature purporting to be Mr. Jordan's, but Mr. Jordan disputes that the signature is his. Respondent's revenue officer W. Wallace (Ms. Wallace) signed the Form 900 on March 6, 1995, on behalf of respondent. On March 20, 1995, petitioners entered into an installment agreement for their 1985, 1986, 1987, 1988, and 1989 tax years (installment agreement).[3]

On July 8, 1996, respondent assessed petitioners' income tax for their 1994 tax year after petitioners filed a Federal income tax return for that year but failed to pay the tax shown on the return.

On September 30, 1996, respondent assessed petitioners' income tax for their 1995 tax year after petitioners filed a Federal income tax return for that year but failed to pay the tax shown on the return.

-------

[3] Generally, any extension of the period of limitations on collection made before Dec. 31, 1999, would have expired on Dec. 31, 2002. However, any extension of the limitations period made in connection with an installment agreement will expire 90 days after the end of the extension period. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105–206, sec. 3461(c)(2), 112 Stat. 764. As the Form 900 in the instant case was signed in conjunction with an installment agreement, if valid it would extend the limitations period to Dec. 31, 2010, plus 90 days, or Mar. 31, 2011. See *Joy v. Commissioner*, T.C. Memo. 2008–197.

On February 22, 2000, petitioners submitted an offer-in-compromise for their tax years 1985 through 1989, 1992, and 1994 through 1999. On September 5, 2001, respondent rejected the offer-in-compromise. On June 19, 2002, petitioners paid respondent in full for their 1985, 1996, 1997, 1998, 1999, and 2000 tax years.

On February 13, 2007, respondent sent petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 with respect to their unpaid tax liabilities for their 1986, 1987, 1988, 1989, 1994, and 1995 tax years (NFTL).

On March 13, 2007, petitioners timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. At the hearing, petitioners raised the issue of whether the 10-year period of limitations on collection remained open and whether the Form 900 was valid, contending that the signature on the Form 900 purporting to be Mr. Jordan's was not, in fact, his signature.

Appeals Officer S. Lavenburg (Ms. Lavenburg) conducted the review of petitioners' file. On May 1, 2007, Ms. Lavenburg contacted Ms. Wallace, the revenue officer at the time the Form 900 was signed. The notice of determination states that Ms. Wallace confirmed to Ms. Lavenburg that both petitioners signed the Form 900 on March 2, 1995, and that she specifically remembered Mr. Jordan signing because he was an "N.F.L. player." On May 2, 2007, Ms. Lavenburg contacted petitioners' representative, J. Behar (Mr. Behar), and discussed the validity of Mr. Jordan's signature on the Form 900. Ms. Lavenburg declined petitioners' request that the IRS hire a handwriting expert to confirm that the signature was in fact Mr. Jordan's signature. On May 15, 2007, Ms. Lavenburg compared the signature on the Form 900 to those on petitioners' 1989 and 1995 Federal income tax returns and noted that the signature on the Form 900 matched that on the 1989 return but not that on the 1995 return. Ms. Lavenburg ultimately concluded that the filing of the NFTL was appropriate.

By letter dated May 24, 2007, respondent sent petitioners a notice of determination sustaining the filing of the NFTL with respect to petitioners' 1986, 1987, 1988, 1989, 1994, and 1995 tax years. Petitioners timely filed with this Court a petition for review of respondent's determination.

## *Discussion*

Section 6320(a)(1) requires the Commissioner to give any person liable to pay tax (hereinafter referred to as a taxpayer) written notice of the filing of a tax lien upon that taxpayer's property. The notice must inform the taxpayer of the right to request a hearing in the Commissioner's Appeals Office. Sec. 6320(a)(3)(B), (b)(1). The provisions of section 6330(c), (d), and (e) generally govern the conduct of a hearing requested under section 6320. Sec. 6320(c).

At the hearing, the taxpayer may raise any relevant issue including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). However, the taxpayer may challenge the underlying tax liability only if the taxpayer did not receive a statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must also verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3); *Hoyle v. Commissioner*, 131 T.C. 197, 201–202 (2008).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's determination for abuse of discretion. *Sego v. Commissioner*, 114 T.C. 604, 610 (2000); *Goza v. Commissioner*, 114 T.C. 176, 181–182 (2000).

We first decide whether petitioners bear the burden of proof. The period of limitations on collection is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proof with respect to such defense. Rules 39, 142(a); *Adler v. Commissioner*, 85 T.C. 535, 540 (1985). Although *Adler* involves the 3-year period of limitations on assessment pursuant to section 6501(c)(4), we conclude that the reasoning of *Adler* also applies to the 10-year period of limitations on collection pursuant to section 6502(a)(1). Consequently, a taxpayer who raises the 10-year period of limitations as an affirmative defense must establish a prima facie case that the period of limitations on collection

has expired by proving that the Commissioner filed the NFTL after the expiration of the period of limitations on collection. If the taxpayer establishes such a prima facie case, the burden of production then shifts to the Commissioner to prove that an exception to the period of limitations applies. See sec. 6502(a)(2); *Adler v. Commissioner*, *supra* at 540. The Commissioner may meet that burden by introducing a waiver, valid on its face, that extends the period of limitations on collection. *Adler v. Commissioner*, *supra* at 540. The burden of production then shifts back to the taxpayer to prove that the waiver is invalid or otherwise inapplicable. *Id.* The burden of proof, i.e., the ultimate burden of persuasion, never shifts from the party who pleads the bar of the period of limitations on collection. [4] *Id.*

The record shows that the NFTL was filed 10 years after the date of assessment for petitioners' 1986, 1987, 1988, and 1989 tax years. Respondent introduced a waiver of the period of limitations on collection, signed in conjunction with an installment agreement, that made the filing of the NFTL timely. The signatures on such a waiver are presumed valid. See sec. 6064. Mr. Jordan contends that the waiver is invalid. Accordingly, Mr. Jordan bears the burden of proving that the waiver is invalid and, therefore, the ultimate burden of proving that the 10-year period of limitations on collection has expired.

Before we address the validity of the waiver, we consider whether Mrs. Jordan's signature on the Form 900 is sufficient to bind petitioners to the waiver of the 10-year period of limitations on collection [5] of their tax liabilities. Petitioners

---

[4] Petitioners do not contend that the burden of proof should be shifted to respondent pursuant to sec. 7491(a).

[5] Where the assessment of Federal income tax is made within the relevant period of limitations, the tax may be collected by levy if the levy is made within 10 years after the assessment of the tax. Sec. 6502(a); *Boyd v. Commissioner*, 117 T.C. 127, 130 (2001). In 1990, Congress amended sec. 6502(a)(1) to extend the period of limitations on collection of taxes after assessment from 6 years to 10 years. Omnibus Budget Reconciliation Act of 1990, Pub. L. 101–508, sec. 11317(a), 104 Stat. 1388–458. The 10-year limitations period applies to taxes assessed after Nov. 5, 1990, and to taxes assessed on or before that date if the 6-year limitations period under prior law had not expired as of that date. *Id.* subsec. (c), 104 Stat. 1388–458. Because respondent assessed tax for petitioners' 1987 tax year on Apr. 3, 1989, and the 6-year limitations period under prior law had not expired as of Nov. 5, 1990, the 10-year limitations period on collection applies with respect to petitioners' 1987 tax year. Respondent assessed petitioners' income tax for all other years in issue after Nov. 5, 1990; consequently, the 10-year period of limitations applies to petitioners' 1986, 1988, and 1989 tax years.

Generally, Federal income tax must be collected within 10 years of being assessed. Sec. 6502. The period of limitations on collection may be extended in two cases: (1) Where the taxpayer

contend that, because a joint return must be signed by both parties, the waiver of the period of limitations must be signed by both parties in order to be effective. Respondent contends that one spouse may enter into a valid waiver for both spouses who have signed a joint return for the year covered by the waiver, even if the other spouse has not signed the waiver.

Section 301.6159–1(b)(1)(i)(A), Proced. & Admin. Regs., provides that a taxpayer may agree to a reasonable extension of the period of limitations on collection when entering into an installment agreement. Generally, a husband and wife who file a joint return are jointly and severally liable for any tax liability that results from the filing of a joint return. Sec. 6013(d)(3).

Spouses filing a joint return are separate taxpayers. *Dolan v. Commissioner*, 44 T.C. 420, 428 (1965). Because they are separate taxpayers, each of them has an absolute right to waive the restrictions on assessment and collection. *Id.* Consequently, in respect of a year for which a joint return was filed, one spouse may enter into a waiver of the restrictions on assessment pursuant to section 6213(d) as to that spouse's individual liability arising from a joint tax return without having the other spouse join in the waiver. *Id.*

In the context of a waiver of the period of limitations on assessment pursuant to section 6501(c)(4), we have held that a waiver was valid as to the spouse who signed a waiver but not as to the nonwaiving spouse. *Magaziner v. Commissioner*, T.C. Memo. 1957–26; see also *Tallal v. Commissioner*, 77 T.C. 1291 (1981).

We conclude that the same reasoning contained in the *Magaziner* and *Tallal* cases applies to a waiver of the 10-year period of limitations on collection in section 6502(a)(1). Accordingly, we hold that the nonwaiving spouse is not bound by the waiver where the other spouse on a joint return has waived the 10-year period of limitations on collection. Mrs. Jordan admits to timely signing the Form 900, which contains a waiver of the period of limitations on collection. We therefore hold that the waiver is valid as to Mrs. Jordan

enters into a valid installment agreement with the Commissioner, and (2) where the Commissioner releases a levy after the period of limitations on collection has expired. Sec. 6502(a)(2). In the case of an installment agreement, as in the instant case, the period of limitations expires 90 days after the expiration of the installment agreement. Sec. 6502(a)(2)(A).

and is valid as to Mr. Jordan only if he also signed the waiver or may not otherwise repudiate it. Consequently, we must decide whether Mr. Jordan signed the Form 900 or may not otherwise repudiate it.

Petitioners contend that Mr. Jordan's signature on the Form 900 was not his and that it was forged. Before we decide that issue, however, we must first consider whether we review the forgery issue de novo, i.e., whether the Court decides for itself whether the signature is Mr. Jordan's, or instead under an abuse of discretion standard, i.e., whether the Appeals officer abused her discretion in concluding that Mr. Jordan signed the Form 900.

We have held that a challenge to the 10-year period of limitations on collection is a challenge to the underlying liability. *Boyd v. Commissioner*, 117 T.C. 127, 130 (2001). Because it is a challenge to the underlying liability, a taxpayer may dispute the underlying liability at the Appeals Office hearing (and have such a dispute reviewed by this Court) only if the taxpayer did not receive a statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute it. Sec. 6330(c)(2)(B). Petitioners have had no prior opportunity to raise the issue of the underlying liability on the basis of the expiration of the 10-year period of limitations on collection. That issue could be raised only in response to a collection proceeding that began after the expiration of the period of limitations on collection. Consequently, petitioners could not have raised the issue before commencement of respondent's collection efforts. We therefore hold that we will review de novo[6] the issue of whether the signature on the Form 900 purporting to be Mr. Jordan's signature is, in fact, his signature.[7]

Under a de novo standard of review, we consider all of the relevant evidence introduced at trial. Respondent contends that the Court should not consider any evidence that is not in the administrative record at the time of the Appeals hearing, a limitation known as the administrative record rule. *Murphy v. Commissioner*, 469 F.3d 27 (1st Cir. 2006),

---

[6] Respondent argues, on the basis of *Roberts v. Commissioner*, T.C. Memo. 2004–100, that the abuse of discretion standard is the applicable standard of review. However, as *Boyd v. Commissioner*, *supra*, is directly on point, we follow *Boyd*.

[7] Because we reach this conclusion, we need not address whether this issue is also one that must be verified by the Appeals officer pursuant to sec. 6330(c)(1) and whether the standard of review under that provision would be de novo or abuse of discretion.

affg. 125 T.C. 301 (2005); *Robinette v. Commissioner*, 439 F.3d 455 (8th Cir. 2006), revg. 123 T.C. 85 (2004). Recently, the Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie,[8] adopted (in a case decided after trial and briefing of the instant case) the administrative record rule in section 6330 cases involving an abuse of discretion standard. *Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009).[9] However, because section 6330 requires a de novo standard of review when the underlying liability is properly in issue, the administrative record rule is not applicable to such a case.[10] 5 U.S.C. sec. 554(a)(1) (2006) (Administrative Procedure Act does not apply where "a matter [is] subject to a subsequent trial of the law and the facts de novo in a court").

As stated above, petitioners bear the burden of proving that the waiver is invalid. Both parties presented evidence concerning the authenticity of Mr. Jordan's signature. Mr. Jordan testified that he did not sign the Form 900. Additionally, Mr. Jordan testified that he was not present when his wife signed the Form 900 on her own behalf and could not recall whether it was signed in connection with an installment agreement.

Petitioners also called Richard Orsini, a handwriting expert, to testify. Mr. Orsini examined 11 checks that Mr. Jordan signed during 1995 (1995 checks). Mr. Orsini compared the signatures on the 1995 checks with Mr. Jordan's alleged signature on the Form 900. Mr. Orsini found it highly probable that, on the basis of the signatures contained on the 1995 checks, the signature on the Form 900 was not

---

[8] The Tax Court will follow the law of the Court of Appeals to which an appeal would lie if that law is on point. *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

[9] *Keller v. Commissioner*, 568 F.3d 710 (9th Cir. 2009), affg. T.C. Memo. 2006–166, *Lindley v. Commissioner*, T.C. Memo. 2006–229, *McDonough v. Commissioner*, T.C. Memo. 2006–234, *Hansen v. Commissioner*, T.C. Memo. 2007–56, affg. in part and vacating in part *Barnes v. Commissioner*, T.C. Memo. 2006–150, *Clayton v. Commissioner*, T.C. Memo. 2006–188, *Blondheim v. Commissioner*, T.C. Memo. 2006–216, *Ertz v. Commissioner*, T.C. Memo. 2007–15, *Abelein v. Commissioner*, T.C. Memo. 2007–24, *Carter v. Commissioner*, T.C. Memo. 2007–25, *Hubbart v. Commissioner*, T.C. Memo. 2007–26, *Freeman v. Commissioner*, T.C. Memo. 2007–28, *Johnson v. Commissioner*, T.C. Memo. 2007–29, *Estate of Andrews v. Commissioner*, T.C. Memo. 2007–30, *Catlow v. Commissioner*, T.C. Memo. 2007–47, *Smith v. Commissioner*, T.C. Memo. 2007–73.

[10] The Tax Court does not follow the administrative record rule. See *Robinette v. Commissioner*, 123 T.C. 85 (2004), revd. 439 F.3d 455 (8th Cir. 2006).

Mr. Jordan's signature and that the evidence tended to show that the signature was probably made by his wife.

Additionally, Mr. Jordan's signature on petitioners' 1995 joint return does not appear to match the signature on the Form 900, and it does not appear to match Mr. Jordan's signatures on the 1995 checks. The last name of the signature appearing on the Form 900 more resembles Mrs. Jordan's signature of her last name than Mr. Jordan's signature of his last name.

Respondent offered countervailing evidence to prove that the signature on the Form 900 is Mr. Jordan's signature. The signature on petitioners' 1989 joint Federal tax return closely resembles the signature on the Form 900. Petitioners do not contest the authenticity of the signature on their 1989 tax return and do not contend that the signature on their 1989 return is not Mr. Jordan's signature.

By way of background, as noted above, the notice of determination states that Ms. Wallace remembered "that the waiver was signed by both Mr. and Mrs. Jordan in her presence." Also, the case activity record from the Appeals Office hearing shows that Ms. Lavenburg confirmed that Ms. Wallace "specifically remembers both [taxpayers'] signing [the] waiver because Mr. [Jordan] was an 'N.F.L. player'."

Importantly, we note that petitioners failed to call Mrs. Jordan to testify. Mrs. Jordan would be a key witness that potentially could corroborate Mr. Jordan's testimony. Where a party who has the burden of proof fails to introduce evidence within his control and which, if true, would be favorable to him, it gives rise to a presumption that, if produced, the evidence would be unfavorable. *Wichita Terminal Elevator Co. v. Commissioner*, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947). However, *Wichita Terminal* does not apply where the evidence is equally available to both parties. *Kean v. Commissioner*, 469 F.2d 1183, 1187 (9th Cir. 1972), affg. on this issue and revg. on another issue 51 T.C. 337 (1968); *Dang v. Commissioner*, T.C. Memo. 2002–117. As respondent could have subpoenaed Mrs. Jordan to testify at trial, we do not apply *Wichita Terminal* to the instant case. [11]

---

[11] Petitioners admit that Mrs. Jordan's signature is authentic. However, it is unclear whether Mrs. Jordan was present when Mr. Jordan purportedly signed the Form 900. The notice of determination states that Ms. Lavenburg confirmed Ms. Wallace's recollection, but respondent did

After considering the entire record, we are not persuaded that the signature on the Form 900 is not Mr. Jordan's signature. Petitioners therefore have failed to meet their burden of proof.

Even if we were to conclude that Mr. Jordan did not sign the Form 900, we would alternatively hold that Mr. Jordan may not repudiate the waiver contained in the Form 900. We have held that a taxpayer ratified the waiver of the 10-year period of limitations on collection when he made payments pursuant to an installment agreement that was entered into on the basis of the waiver. *Roberts v. Commissioner*, T.C. Memo. 2004–100. By the time petitioners repudiated the waiver contained in the Form 900 or otherwise alerted respondent to the forgery issue, the limitations period, unless extended by the waiver, would have expired for 1987 and would have been relatively close to expiring for 1986, 1988, and 1989.[12] Petitioners entered into the installment agreement with the understanding that the 10-year period of limitations on collection would be extended. Had petitioners not agreed to the waiver, respondent could have begun collection proceedings at that time. See sec. 6502(a). By signing the extension, petitioners received the benefit of having their liabilities collected through an installment agreement. Respondent relied on the waiver and should not now be deprived of his bargain of a longer collection period when petitioners received the benefit of a longer time to pay. See *Liberty Baking Co. v. Heiner*, 37 F.2d 703, 704 (3d Cir. 1930) (extending the period of limitations requires only consent, and "it would be unconscionable to allow the taxpayer to afterwards repudiate a consent upon which the Commissioner has acted and relied"); *Cary v. Commissioner*, 48 T.C.

---

not offer the testimony of either Ms. Wallace or Ms. Lavenburg.

[12] The earliest assessment date was Apr. 3, 1989, for petitioners' 1987 tax year. Absent the waiver, the period of limitations for collection would have expired on Apr. 2, 1999. Tax for the 1986 tax year was assessed on June 1, 1992, and the period of limitations on collection would have expired on May 31, 2002. Tax for the 1988 and 1989 tax years was assessed on Apr. 26, 1993, and, absent the waiver, the period of limitations on collection would have expired on Apr. 25, 2003. Petitioners submitted an offer-in-compromise to respondent on Feb. 22, 2000, and it was rejected on Sept. 5, 2001. An offer-in-compromise suspends the period of limitations for collection for the period that the offer is pending. Sec. 6331(k)(1), (3); sec. 301.7122–1T(h), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39026 (July 21, 1999). While the offer-in-compromise would not have extended the limitations period for the 1987 tax year, it would have extended the limitations period for the 1986 tax year until Dec. 13, 2003, and for the 1988 and 1989 tax years until Nov. 6, 2004. Petitioners first alerted respondent to a possible forged signature on Oct. 20, 2003.

754, 763 (1967) ("A waiver proper on its face, relied on by the Commissioner, cannot be later repudiated by the taxpayer.").

Accordingly, we hold that Mr. Jordan may not repudiate the waiver in the Form 900 extending the 10-year period of limitations on collection.

Lastly, we decide whether petitioners may now raise in this Court the issue of whether a proper notice of deficiency was sent to them after they never raised it with respondent's Appeals Office at the hearing. Petitioners contend that a notice of deficiency was not sent for any of the tax years in issue.

Generally, the Commissioner cannot collect a tax until it has been formally and timely assessed. In years where a return is filed, the Commissioner may summarily assess the taxpayer as to the amount shown on the return without a notice of deficiency. Sec. 6201(a). However, in the case of a deficiency, the Commissioner must first issue a notice of deficiency and wait 90 days before assessing the tax. Secs. 6212(a), 6213(a). To be timely, an assessment generally must be completed within the 3-year period of limitations. Sec. 6501(a).

In *Hoyle v. Commissioner*, 131 T.C. 197 (2008), we held that the verification of a valid notice of deficiency, if necessary, was a separate and independent requirement under section 6330(c)(1). This Court will consider a notice of deficiency claim under section 6330(c)(1) as long as it is appropriately raised before this Court. *Med. Practice Solutions, LLC v. Commissioner*, T.C. Memo. 2009–214.

The administrative record and the stipulation of facts show that petitioners' taxes for their 1987, 1994, and 1995 tax years were assessed on the basis of the filing of joint tax returns after petitioners failed to pay the tax shown on the returns. In years where a return is filed, a notice of deficiency is not necessary when the Commissioner assesses liability stated on a return but remaining unpaid. Sec. 6201(a). However, petitioners' taxes for their 1986, 1988, and 1989 tax years were assessed following audits. For those years, a notice of deficiency or appropriate waiver may have been necessary before a proper assessment could be made. See secs. 6212(a), 6213(a); *Hoyle v. Commissioner*, *supra*.

The record before us is unclear as to whether a notice of deficiency was sent to petitioners for their 1986, 1988, and

1989 tax years. We have held that a verification generally is proper if the Appeals officer relied on a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, or a transcript containing similar information. *Nestor v. Commissioner*, 118 T.C. 162 (2002). There is no mention of a Form 4340 in the record. Moreover, the original assessment dates in the early 1990s covered petitioners' 1986, 1988, and 1989 tax years; however, the transcript provided covers only petitioners' tax years 2000 and forward. We therefore remand the instant case to respondent's Appeals Office to clarify the record as to whether a notice of deficiency was sent to petitioners for each of the 1986, 1988, and 1989 tax years.

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order will be issued.*